UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DONALD RICHARD CHILDS II, | Case No. 2:15-CV-1342 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| WYNN LAS VEGAS, LLC, | |
| Defendant(s). | |

Presently before the court is defendant Wynn Las Vegas, LLC's ("Wynn") motion to dismiss *pro se* plaintiff Donald Childs, II's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 28). Plaintiff has filed an opposition, (ECF No. 31) and defendant replied (ECF No. 33).

**I.    Introduction**

Plaintiff brings this case under 42 U.S.C. § 1983, alleging that a corporate investigator's ban of defendant from the "Wynn/Encore" violated his Fourteenth Amendment rights of equal protection and substantive due process. (ECF No. 27 at 3–7). Plaintiff states that on June 6th, 2015, he was confronted by a Wynn corporate investigator who indicated that plaintiff was suspected of stealing the jacket the latter possessed. Plaintiff further alleges that the corporate investigator told plaintiff that he would be "trespassed for being listed as a suspect for a prior theft in March."[1]  (ECF No. 27 at 4). Ultimately, plaintiff first appears to base his claims upon the alleged Wynn employee's statements that plaintiff would not be able to enter the Wynn resort because of "baseless allegation of theft." (*Id.* at 5). The second foundation for plaintiff's claims appears to be an alleged later encounter with Wynn employees, who informed plaintiff that he "was officially trespassed." (ECF No. 27 at 5, 7).

---

[1]  However, it appears that plaintiff was not "trespassed" as a result of the first alleged encounter with Wynn employees. (ECF No. 27).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must state plausible claims. *Id.* at 679. For a claim to be plausible on its face it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* at 678. If a complaint merely has "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," it does not meet the requirements for plausibility. *Id*.

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* at 678–679. First, the court must accept as true all of the allegations contained in a complaint. *Id*. at 678. However, this requirement is inapplicable to legal conclusions. *Id.* at 680. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. When the allegations in a complaint have not crossed "the line from conceivable to plausible, [plaintiff's] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.     Discussion

"To establish a prima facie case under 42 U.S.C. § 1983, [a plaintiff] must demonstrate proof that (1) the action occurred 'under color of law' and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

A violation of the Fourteenth Amendment generally requires the presence of state action, and not mere "private conduct." *See Jackson v. Metro. Edison, Co.*, 419 U.S. 345, 349 (1974); *see also Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Sutton*, 192 F.3d at 835 (quoting *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982)).  However, this court conducts the instant analysis assuming *arguendo* that state action is present in this case.

First, to assert "a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

Here, plaintiff fails to allege that he is a member of a class protected by the Fourteenth Amendment's Equal Protection Clause. *See Furnace*, 705 F.3d at 1030; (ECF No. 27) ("Plaintiff herein brings forth two 'class of one' claims . . . ."). Therefore, his equal protection claim does not survive Rule 12(b)(6) scrutiny.

Next, the defendant in this case is a business, not any individual person. (ECF No. 27). In light of Ninth Circuit precedent, plaintiff's claims are properly analyzed within the framework provided by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See Tsao*, 698 F.3d 1128, 1143–44 (9th Cir. 2012) (Applying *Monell* in a § 1983 action where plaintiff alleged constitutional violations against a casino owner based on a casino security guard's exercise of authority pursuant to NRS § 207.200).

To succeed on a *Monell* claim, "[plaintiff] must demonstrate that an 'official policy, custom, or pattern' on the part of [defendant casino owner] was 'the actionable cause of the claimed injury.'" *Tsao*, 698 F.3d 1128, 1143 (9th Cir. 2012).  The term "policy" in this context

means "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* (quoting *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

To that end, a plaintiff may allege that a defendant has policies "that result in the municipality itself violating someone's constitutional rights or instructing its employees to do so, and those that result, through omission, in municipal responsibility for a constitutional violation committed by one of its employees." *Id.* (internal quotation omitted). A plaintiff alleging that a defendant's omission violated the former's constitutional rights must show that defendant's corresponding policy indicates "deliberate indifference to the plaintiff's constitutional right." *Id.* (internal quotations omitted).

Plaintiff's amended complaint does not discuss or even mention any such "policy" as it is defined here. *See Long*, 442 F.3d at 1185; (ECF No. 27). Therefore, plaintiff's second claim also fails.

In sum, plaintiff's amended complaint does not plausibly assert his constitutional claims brought under § 1983, even when accounting for his *pro se* status. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (discussing the interpretation of *pro se* pleadings).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss plaintiff's amended complaint (ECF No. 28) be, and the same hereby is, GRANTED, but plaintiff's amended complaint (ECF No. 27) shall be dismissed without prejudice.

DATED December 27, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -